Carolyn Shields
Ying Liu
Liu & Shields LLP
41-60 Main Street, Suite 208A
Flushing, NY 11355
Tel:         718-463-1868
Direct:      631-474-1776
Email:       shieldscj524@gmail.com
Attorneys for YING HUANG and
PENG SHENG HUANG, Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YING HUANG and PENG SHENG HUANG, )<br><br>Plaintiffs,<br><br><br>TESLA, INC., a Delaware corporation;<br>TESLA, INC., a Texas corporation; and<br>DOES 1 Through 10, Inclusive,<br><br>Defendants. | Case No.<br><br>COMPLAINT, AND<br>DEMAND FOR JURY TRIAL |

Plaintiffs Ying Huang and Peng Sheng Huang (hereinafter "Plaintiffs"), by and through their attorneys, Liu & Shields LLP, for their complaint against Tesla, Inc., a Delaware corporation, Tesla, Inc., a Texas corporation, and Does 1 Through 10, Inclusive (hereinafter collectively referred to as "Defendants"), allege as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 by reason of the complete diversity of citizenship of the parties and an amount in controversy that exceeds $75,000, exclusive of interest and costs. As shown by the

1

allegations below, actual medical expenses, only part of Plaintiffs' claimed damages, alone exceed $2,000,000.

2.  Plaintiff Ying Huang is a citizen of the United States and a citizen of the State of New York, being domiciled in Flushing, in the City and State of New York.

3.  Defendant Tesla, Inc., a Delaware corporation, is incorporated under the laws of the State of Delaware and was the corporation which manufactured and sold the vehicle purchased by Plaintiffs in 2021. Tesla, Inc., a Texas corporation, was incorporated under the laws of the State of Texas in 2024, is a separate corporation from Tesla, Inc., a Delaware corporation, and is liable directly or as a successor for some or all of the matters alleged herein. Both corporations had and have their principal place of business at 1 Tesla Road, Austin, Texas 78725, making Tesla, Inc., a Delaware corporation, a citizen of both Delaware and Texas, and making Tesla, Inc., a Texas corporation, a citizen of Texas.

4.  Plaintiff Peng Sheng Huang is a permanent resident of the United States (a green card holder), domiciled in Flushing in the City and State of New York, a citizen of the People's Republic of China, and therefore under 28 U.S.C. § 1332(a)(2) this action is between diverse parties—plaintiffs (Ying Huang and Peng Sheng Huang) and defendants (Tesla, Inc., a Delaware corporation, and Tesla, Inc., a Texas corporation). The exception of 28 U.S.C. § 1332(a)(2) does not apply. This case also is between citizens of different States (plaintiff Ying Huang and both Tesla, Inc. defendants) in which a citizen or subject of a foreign state (plaintiff Peng Sheng Huang) is an additional party under 28 U.S.C. § 1332(a)(3).

5.  This Court also has federal question jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331 and the Magnuson-Moss Warranty Act (hereinafter "MMWA"), 15 U.S.C. § 2310(d). For purposes of the MMWA claims, the amount in controversy exceeds the sum of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit.  .

6.  Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as it is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## FACTUAL ALLEGATIONS

**The Purchase Transaction**

7.  Plaintiffs bought a new 2021 Tesla Model 3 Long Range AWD car, Vehicle Identification Number 5YJ3E1EB0MF086237 (hereinafter the "Car"), from Defendants in New York State on or about October 29, 2021 for a purchase price exceeding $57,288.10 not including taxes and governmental fees.

8.  With respect to such transaction, Plaintiffs were consumers buying a consumer product, the Car, which was tangible personal property distributed in commerce, and which was to be used by plaintiffs, daughter and father, for personal, family, or household purposes.

9.  Upon information and belief, final assembly of the Car by Defendants occurred in California, was first sold by and delivered from Defendants in California, and was transported from California to the State of New York by Defendants for sale to consumers like Plaintiffs.

10. Plaintiff Ying Huang is the adult daughter of plaintiff Peng Sheng Huang and they live together as a family in Flushing, New York.

11. Defendants designated under the fictitious names "Does 1 Though 10, Inclusive" are liable in some manner for some or all of the matters alleged herein. When Plaintiffs learn the identities and causes of action against said fictitious defendants, Plaintiffs will seek leave to amend this complaint to add their names and the causes of action against them.

12. The Motor Vehicle Agreement, Order Number RN115950171, was dated October 29, 2021 and identified the customer as plaintiff Ying Huang and the seller as "Tesla, Inc. or its affiliate".

13. The Motor Vehicle Agreement was not signed (not in ink and not electronically) by plaintiff Ying Huang, was not signed (not in ink and not electronically) by plaintiff Peng Sheng Huang, and was not signed (not in ink and not electronically) by any representative of Defendants.

14. An unsigned Consent to Electronic Transactions is in the MyTesla account of plaintiff Ying Huang but was not signed (not in ink and not electronically) or accepted by either of the Plaintiffs.

15. A nonfinal version of the Motor Vehicle Agreement was uploaded to a MyTesla account opened by plaintiff Ying Huang, protected by her password, and not accessible to plaintiff Peng Sheng Huang. Uploading a document to a MyTesla account not belonging to plaintiff Peng Sheng Huang and to which he did not have access did not provide notice to him of such document or the terms in it.

4

16.  Although on October 30, 2021 plaintiff Peng Sheng Huang signed a Delivery Declaration which stated: "You agree with your Final Motor Vehicle Purchase Agreement which has been uploaded to and available in your MyTesla account" (underscores added), such reference to a document which he did not receive, to which he did not have access, and which was stated to have been uploaded to a MyTesla account which did not exist did not create consent to the document and did not give him notice of the document or the terms in it.

17.  The version of the Motor Vehicle Agreement uploaded to plaintiff Ying Huang's MyTesla account states that it is "made up of the following documents: "Vehicle Configuration . . . ; Final Price Sheet . . . ; Terms & Conditions . . . "; it did not include a "Final Price Sheet"; and it expressly stated that it "does not include taxes and governmental fees".

18.  No complete and final Motor Vehicle Agreement was ever provided to or received by either plaintiff or consented to by either plaintiff.

19.  Notwithstanding the foregoing, a contract for the purchase of the Car was formed by performance—Plaintiffs' payment of the purchase price, Defendants' transferring title to the Car with the New York Department of Motor Vehicles to plaintiff Peng Sheng Huang, and Defendants' delivery of the Car to Plaintiffs (said contract hereinafter referred to as the "Contract").

20.  Defendants provided New York's Department of Motor Vehicles with transfer documents transferring title to the Car from Defendants to plaintiff Peng Sheng Huang and registering the Car in the name of plaintiff Peng Sheng Huang.

21.  No Tesla New Vehicle Limited Warranty covering the Car was ever provided to or received by either plaintiff, not before the purchase, not at the time of delivery, and not after delivery. A notice that there was an express warranty covering the Car was uploaded by Defendants to plaintiff Ying Huang's MyTesla account.

22.  Although no warranty covering the Car was ever provided to Plaintiffs or either of them, under applicable law an unreceived express warranty, but not unreceived disclaimers, exclusions, or limitations on warranties that might be contained in it, still applies, runs with the Car, and is enforceable against Defendants.

23.  Any disclaimers, exclusions, modifications, or limitations that might appear in an express warranty not received by Plaintiffs are not enforceable against Plaintiffs. If Defendants referred its customers to a website or the internet for Defendants' warranty, such reference would not satisfy the requirements of New York State law, that a warranty be signed by Defendants and a copy delivered to purchasers, and would not satisfy the requirements of the federal E-Warranty Act that Defendants provide an offline means of obtaining the warranty and make the warranty available at the location of the sale before purchase.

24.  Any attempt by Defendants to disclaim, exclude, modify, or limit any implied warranties covering the Car or remedies available on them was nonexistent or ineffective under federal and state law.

6

25. The express warranty covering the Car was breached by Defendants in the ways set forth in this complaint.

26. Despite the foregoing facts, Defendants sent recall notices to plaintiff Ying Huang as the purported owner of the Car and not to plaintiff Peng Sheng Huang, the titled and registered owner of the Car pursuant to the records of Defendants and of the New York Department of Motor Vehicles.

27. To the extent that either or both plaintiffs is determined to be the owner of the Car, each plaintiff or both plaintiffs assert all causes of action alleged herein.

28. Plaintiffs first discovered the facts on which the causes of action alleged herein are based on March 20, 2023.

29. Plaintiffs took delivery of the Car on October 30, 2021.

30. On March 20, 2023, approximately 17 months after taking delivery of the Car and when the mileage on the Car was approximately 10,000 miles—upon information and belief within the period of the express warranty covering the Car—the Plaintiffs suffered serious personal injuries in the Accident that is the subject of this action, as more particularly described herein.

**Details about the Car**

31. The vehicle incorporated, but was not limited to, the following:

   a. Drive-by-wire throttle control
   b. Electronic brake override logic
   c. Torque management software
   d. Sensor-fusion perception systems
   e. Automatic Emergency Braking (AEB) systems
   f. Kinetic Energy Recovery System (KERS) regenerative braking
   g. Airbag restraint systems

7

**The March 20, 2023 accident ("Accident")**

32. The Accident may have been caused by one or more of the following defects, alone or in combination with other defects, which investigation, discovery, and input by experts may elaborate and supplement.

### *Phantom Braking (Design) Defect*

33. On March 20, 2023, Plaintiff Peng Sheng Huang, with his daughter co-plaintiff Ying Huang, was backing into his driveway in Flushing, New York. The Car abruptly stopped, then suddenly accelerated without command. Plaintiff Peng Sheng Huang maneuvered the brakes a few times, which did not stop the Car. Plaintiff Peng Sheng Huang tried the Kinetic Energy Recovery System, which did not stop the Car. The brake override system of the Car failed to prioritize brake input. The foregoing caused the Car to accelerate and violently crash into a detached garage.

34. The Accident left plaintiff Peng Sheng Huang immobilized by airbags which did not deflate, and his passenger, plaintiff Ying Huang, lost consciousness from her injuries.

35. A bystander cut open the driver side airbags, releasing the driver, plaintiff Peng Sheng Huang, from the Car.

36. Upon information and belief, a cause of the Accident was systemic electronic control failures.

8

*Automatic Emergency Braking System ("AEB") (Design) Defect*

37. The Accident, the initial stop, the unintended acceleration, and the ultimate crash, may have been caused by one or more design defects, including Defendants' removal of range-measuring radar sensors and replacement of them with inadequate cameras to detect potential obstacles and to control automatic braking functions.

38. According to recent media reports, NHTSA (the National Highway Traffic Safety Administration of the United States Government) is investigating that after Tesla switched to a camera-only solution in 2021, its performance degradation detection system had flaws, and failed to detect vehicles ahead in multiple accidents. The reports state that NHTSA's expanded investigation involves at least nine crashes and most Tesla vehicles in the United States.

39. Defendants had prior notice from many complaints that this design change in multiple instances had caused collisions but did not notify Plaintiffs of this danger.

*Kinetic Energy Recovery System ("KERS") (Design) Defect*

40. The Car has a Kinetic Energy Recovery System ("KERS") that uses regenerative braking to convert kinetic energy into electrical energy during deceleration. The KERS system interacts with throttle control, braking input, and torque management software.

41. Upon information and belief, the KERS system was defectively designed and was a substantial factor in causing the Accident.

*Tesla Brake Control and Mechanic System (Design and Manufacturing) Defect*

42. The Car's hydraulic cylinder brake system and brake pads and rotors failed when plaintiff Peng Sheng Huang repeatedly applied the brakes to stop. Nor did friction in the emergency brake stop the Car.

43. The Car's electronic brake booster and ABS system also failed, contributing to the Accident.

*Electronic Control System (Design) Defect*

44. Tesla vehicles utilize drive-by-wire electronic throttle systems and braking systems controlled by proprietary software algorithms. The system can fail to prioritize brake input, and can deliver acceleration instead of braking.

*Restraint System and Airbag (Manufacturing) Defect*

45. Multiple failures of the Car's airbags failed and contributed to Plaintiffs' injuries. The driver's number 4 side curtain airbags deployed but did not deflate, immobilizing plaintiff Peng Sheng Huang in the Car until a bystander freed him by cutting the airbag. The number 3 (side seat) airbags failed to deploy.

46. The airbag defects, a manufacturing defect, impaired the airbags' ability to dissipate crash forces and substantially increased the severity of Plaintiffs' injuries.

*Defendants had knowledge of the defects alleged herein and failed to notify Plaintiffs or offer a cure*

47. Defendants collect fleet-wide telemetry that identifies braking and torque anomalies and received many consumer complaints about phantom braking and unintended acceleration.

48. Defendants knew or should have known of the defects alleged herein but failed to disclose those defects to Plaintiffs and other customers, showing a reckless and conscious disregard by Defendants for Plaintiffs' safety.

*Plaintiffs' Injuries*

49. Plaintiff Ying Huang sustained catastrophic spinal cord injury, intracranial hemorrhages, neurological impairment, lung contusions, neurogenic bowel and bladder dysfunction, permanent reproductive loss, and emotional distress.

50. The medical expenses of Plaintiff Ying Huang exceed $2,000,000 and are continuing.

51. The injuries of plaintiff Ying Huang are permanent and she requires full-time assistance and is unable to work.

52. Plaintiff Peng Sheng Huang sustained neck and back injuries and suffered severe emotional trauma, including immediate fear of death.

**COUNT I:  STRICT PRODUCTS LIABILITY (DESIGN DEFECT)**

53. Plaintiffs incorporate the allegations of paragraphs 1 through 52 of this complaint.

54. Defendants breached their duty to market safe products by marketing a product, the Car, designed in a manner that made it not reasonably safe for its intended use in transporting its owners and passengers.

55. The Car was not reasonably safe for the reasons alleged herein and the defective design was a substantial factor in causing Plaintiffs' injuries, that is, the defective design was the proximate cause of Plaintiffs' injuries in that there was a

11

substantial likelihood of harm and, alternatively, it was feasible to design the Car in a safer manner, as more particularly alleged herein.

56. By reason of the foregoing, Plaintiffs are entitled to recover damages for their economic, physical, and emotional injuries, as alleged herein.

57. Defendants had prior notice of the foregoing defects and dangers in Tesla's cars but failed to notify Plaintiffs about said dangers.

58. Defendants' breaches alleged herein were willful, malicious, and undertaken with conscious disregard for the rights of Plaintiffs, entitling Plaintiffs to an award of punitive damages.

**COUNT II:  STRICT PRODUCTS LIABILITY (MANUFACTURING DEFECT)**

59. Plaintiffs incorporate the allegations of paragraphs 1 through 58 of this complaint.

60. The Car was defectively manufactured by Defendants in that it deviated from the design specifications, or because there was some mishap or error in the manufacturing process, or because there was improper workmanship, or because defective materials were used in construction of the Car. Among said defects were the airbag defects described herein and incorporated in this Count.

61. The Car did not perform as intended and was defective at the time it left Defendants' hands.

62. The manufacturing defects caused the Car not to perform as intended and to be not reasonably safe.

63.  The manufacturing defects proximately caused Plaintiffs' injuries, entitling Plaintiffs to recover damages for their economic, emotional, and physical injuries, as alleged herein.

64. Defendants had prior notice of the foregoing defects and dangers in Tesla's cars but failed to notify Plaintiffs about said dangers.

65. Defendants' breaches alleged herein were willful, malicious, and undertaken with conscious disregard for the rights of Plaintiffs, entitling Plaintiffs to an award of punitive damages.

**COUNT III:  FAILURE TO WARN**

66. Plaintiffs incorporate the allegations of paragraphs 1 through 65 of this complaint.

67. Defendants had a duty to warn Plaintiffs about dangers arising from a foreseeable use of their products which they knew or should have known about, including latent dangers resulting from a foreseeable use of their products which they knew or should have known about.

68. The dangers alleged herein were dangers which Defendants knew or should have known about.

69. Among other defects, Defendants had prior notice of claimed braking and acceleration problems in Tesla's cars but failed to warn customers about said problems.

70. Defendants breached said duty to warn by failing to warn Plaintiffs about said dangers. Defendants' failure to warn of the dangers alleged herein was a complete absence of any warning. To the extent Defendants claim they issued

warnings to Plaintiffs, Defendants are either mistaken or the warnings Defendants claim to have given were inadequate.

71. Defendants' breaches of their duty to warn Plaintiffs were substantial factors or proximate causes of the harms to Plaintiffs, entitling Plaintiffs to recover damages for their economic, emotional, and physical injuries, as alleged herein.

72. Defendants had prior notice of the foregoing defects and dangers in Tesla's cars but failed to warn Plaintiffs about said dangers.

73. Defendants' breaches alleged herein were willful, malicious, and undertaken with conscious disregard for the rights of Plaintiffs, entitling Plaintiffs to an award of punitive damages.

## COUNT IV:  NEGLIGENCE

74. Plaintiffs incorporate the allegations of paragraphs 1 through 73 of this complaint.

75. Defendants had a duty of care to their customers, like Plaintiffs, to design, test, manufacture, and sell cars that are reasonably safe for their intended purpose in transporting their owners and passengers.

76. The duty of care of Defendants as designers, manufacturers, and sellers of cars is the duty to exercise reasonable care in the design, manufacture, and distribution of their vehicles. This duty of care includes the duty to warn of foreseeable dangers Defendants know or should know about.

77.  Defendants breached their duty of care to Plaintiffs through the conduct alleged herein.

14

78. Defendants had prior notice of claimed braking and acceleration problems in Tesla's cars but failed to warn Plaintiffs about said problems.

79. Defendants' breaches of their duties of care to Plaintiffs proximately caused harm to Plaintiffs, including but not limited to economic loss, and physical and emotional injuries, for which Plaintiffs are entitled to recover compensatory damages.

80. Defendants' breaches of their duties of care to Plaintiffs was willful, malicious, and undertaken with conscious disregard for the rights of Plaintiffs, entitling Plaintiffs to an award of punitive damages.

### COUNT V:  BREACH OF EXPRESS WARRANTY
(Violation of the Magnuson-Moss Warranty Act)

81. Plaintiffs incorporate the allegations of paragraphs 1 through 80 of this complaint.

82. Plaintiffs, who bought a consumer product, the Car, are consumers within the meaning of the Magnusson-Moss Warranty Act ("MMWA") and are entitled to invoke the remedies of that Act.

83. Plaintiffs' purchase of the Car was a purchase of tangible personal property which was distributed in commerce and which was normally used for personal, family, or household purposes.

84. The purchase price of the Car including the portion financed but not including taxes and governmental fees was  $57,288.10.

85. There was an express warranty covering the Car.

15

86. The express warranty covering the Car was breached by Defendants in the ways described in this complaint.

87. Plaintiffs have been proximately harmed by the failure of Defendants to comply with their obligations under the MMWA and by Defendants' breaches of their obligations on the express warranty covering the Car, entitling Plaintiffs to recover the damages, including incidental and consequential damages, caused thereby, being the loss and damage to the Car; the cost of storing the Car after the Accident; the physical, mental, and emotional harm suffered by each Plaintiff, the medical and rehabilitation expenses of plaintiff Ying Huang which exceed the sum of $2,000,000 and are continuing; the loss of income from work suffered by both Plaintiffs, plaintiff Ying Huang having lost income in the amount of $27,949 a year after the Accident and in the case of plaintiff Ying Huang the loss of the ability to work after the Accident.

## COUNT VI:  BREACH OF IMPLIED WARRANTY
(Under New York State UCC)

88. Plaintiffs incorporate the allegations of paragraphs 1- through 87 of this complaint.

89. Defendants are merchants with respect to the sale of motor vehicles manufactured for consumers.

90. Implied in the Contract for the sale of the Car by Defendants to Plaintiffs was an implied warranty of merchantability, namely, that the Car would pass without objection in the trade; and would be fit for the ordinary purpose for which such goods are used, namely safe, reliable transportation.

16

91. The Car did not conform to the foregoing implied warranty of merchantability for the reasons alleged in this complaint, including that the Car was defectively designed or manufactured; which defect existed when Defendants delivered it to Plaintiffs.

92. Implied in the Contract for the sale of the Car by Defendants to Plaintiffs was an implied warranty of fitness for a particular purpose, namely, that the Plaintiffs were relying on the Defendants' skill or judgment to select or furnish goods fit for the particular purpose for which Plaintiffs required the goods, said particular purpose including but not limited to the safe operation and transportation of Plaintiffs in the Car.

93. There was no disclaimer, exclusion, modification, or limitation by Defendants of the implied warranties covering the Car, and any attempt by Defendants to disclaim, exclude, modify, or limit any implied warranties covering the Car was nonexistent or ineffective under federal and state law.

94. There was no disclaimer, exclusion, modification, or limitation on remedies for breach of implied warranties covering the Car, and any attempt by Defendants to disclaim, exclude, modify, or limit remedies for breach of implied warranties, including but not limited to incidental and consequential damages, was nonexistent or ineffective under federal and state law.

95. Defendants were not permitted under state and/or federal law to exclude or limit the operation of the law which extends liability for personal injury to persons who may be expected to use, consume, travel in, or be affected by the Car and who

17

were injured in person by breach of warranties covering the Car.

96. No examination of the Car by the Plaintiffs before or at the time of their purchase of it disclosed or could have disclosed the Car's latent defects and non-conformities, which include but are not limited to the defects and non-conformities which are described in this complaint.

97. The warranties covering the Car extended to both Plaintiffs, father and adult daughter, who lived in the same household and traveled together as a family, because it was reasonable to expect that each plaintiff might use, consume, travel in, or be affected by the Car and who were injured in person by breach of the warranties.

98. Defendants breached the implied warranties of merchantability and fitness for a particular purpose by reason of the facts set forth herein.

99. Defendants' breaches of the warranties of merchantability and fitness for a particular purpose proximately harmed Plaintiffs, entitling Plaintiffs to recover their damages and incidental and consequential damages including but not limited to the loss and damage to the Car amounting to $57,288.10; the cost of storing the Car after the Accident; the physical, mental, and emotional harm suffered by each Plaintiff, including but not limited to medical and rehabilitation expenses of plaintiff Ying Huang which exceed the sum of $2,000,000 and are continuing; the loss of income from work suffered by both Plaintiffs, plaintiff Ying Huang having lost income in the amount of $27,949 a year after the Accident and in the case of plaintiff Ying Huang the loss of the ability to work after the Accident.

18

## COUNT VII:  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

100.    Plaintiffs incorporate the allegations of paragraphs 1 through 99 of this complaint.

101.    Defendants, through the conduct alleged herein, unreasonably endangered the physical safety of Plaintiffs and caused Plaintiffs to fear for their safety.

102.    During and after the Accident, Plaintiff Peng Sheng Huang feared for the safety of his daughter, the co-plaintiff, who was in the Car with him at the time of the Accident and who was unconscious, and who continues to suffer permanent debilitating injuries.

103.    Plaintiff Ying Huang suffers continuing emotional distress from physical injuries caused in the Accident which prevent her from being able to have the life which she had before the Accident.

104.    Defendants' conduct caused plaintiff Peng Sheng Huang to suffer emotional distress when airbags that failed to deflate imprisoned him in the Car and caused him reasonably to fear for his safety and the safety of his daughter, plaintiff Ying Huang, if he could not extricate himself from the Car.

105.    Defendants' conduct alleged herein, including Defendants' actual knowledge of claimed braking and acceleration problems in their cars and their failure to warn Plaintiffs about them, was a cause of Plaintiffs' serious emotional distress.

106.    Plaintiffs' emotional distress is a reasonable response to the distressing situation Defendants' conduct put them in.

107.    Plaintiffs suffer and continue to suffer severe emotional distress as a result of the conduct of Defendants alleged herein, entitling Plaintiffs to compensatory damages therefor.

108.   Defendants had prior notice of the defects and problems alleged in this complaint but failed to cure said defects and problems or warn customers or Plaintiffs about said defects and problems.

109.    Defendants' conduct was willful, malicious, and undertaken with conscious disregard for the rights of customers, like Plaintiffs, entitling Plaintiffs to an award of punitive damages.

### COUNT VIII:  DECLARATORY AND INJUNCTIVE RELIEF

110.    Plaintiffs incorporate the allegations of paragraphs 1 through 109 of this complaint.

111.   This is a case of actual controversy within the jurisdiction of this Court, allowing this Court pursuant to 28 U.S.C. § 2201 et seq. to declare certain rights and other legal relations of any interested party seeking such declaration.

112.   Plaintiffs, interested parties, seek a declaration by this Court as to whether Defendants have a duty under the National Traffic and Motor Vehicle Safety Act, 49 U.S.C. Chapter 301, to notify the Government and owners and purchasers of Defendants' cars of a defect or defects which are the subject of this action; whether Defendants are in breach of that duty; and whether the Car fails to comply with an applicable motor vehicle safety standard prescribed by the National Traffic and Motor Vehicle Safety Act.

113.  The declaration sought by Plaintiffs is necessary to Plaintiffs' claims in this case, and necessary for public safety and to forestall further harm such as the harm suffered by Plaintiffs.

114.  Plaintiffs also seek injunctive relief enjoining Defendants from selling to other customers cars with the same defects determined to be present in Plaintiffs' Car and which are the subject of this action, Monetary damages being inadequate to effect such relief.

### DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury of all issues triable by jury.

WHEREFORE, Plaintiffs pray that judgment be entered in favor of Plaintiffs and against Defendants as follows:

1. On the First Cause of Action, compensatory damages in an amount to be determined upon the trial of this action which include but are not limited to medical expenses, pain and suffering, emotional distress, and lost earnings, together with an award of punitive damages; and

2.  On the Second Cause of Action, compensatory damages in an amount to be determined upon the trial of this action which include but are not limited to medical expenses, pain and suffering, emotional distress, and lost earnings, together with an award of punitive damages; and

3.  On the Third Cause of Action, compensatory damages in an amount to be determined upon the trial of this action which include but are not limited to medical expenses, pain and suffering, emotional distress, and lost earnings, together with

an award of punitive damages; and

4. On the Fourth Cause of Action, compensatory damages in an amount to be determined upon the trial of this action which include but are not limited to medical expenses, pain and suffering, emotional distress, and lost earnings, together with an award of punitive damages; and

5. On the Fifth Cause of Action, compensatory damages in an amount to be determined upon the trial of this action which include but are not limited to medical expenses, pain and suffering, emotional distress, lost earnings, and other legal and equitable relief, including declaratory and injunctive relief; and

6. On the Sixth Cause of Action, compensatory damages in an amount to be determined upon the trial of this action which include but are not limited to medical expenses, pain and suffering, emotional distress, and lost earnings; and

7. On the Seventh Cause of Action, compensatory damages in an amount to be determined upon the trial of this action which include but are not limited to medical expenses, pain and suffering, emotional distress, and lost earnings, together with an award of punitive damages; and

8. On the Eighth Cause of Action, declaratory and injunctive relief; and the foregoing with, on all causes of action, Plaintiffs' costs, reasonable attorney's fees, and such other and further relief as the Court may deem just.

//

//

//

Dated:  March 20, 2026

Respectfully submitted,

Liu & Shields LLP

By  *s/ Carolyn Shields*
    Carolyn Shields
    Ying Liu
41-60 Main Street, Suite 208A
Flushing, NY 11355
Tel:    718-463-1868
Direct:  631-474-1776
Fax:    718-463-1867
Email:  shieldscj524@gmail.com
Attorneys for Ying Huang and
Peng Sheng Huang, Plaintiffs